IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRYAN JACKSON,**            **CASE NO. 2:07-cv-137**
                                               **JUDGE GRAHAM**
           **Petitioner,**            **MAGISTRATE JUDGE KING**

v.

**MICHAEL SHEETS, Warden,**

           **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On July 13, 2001, in Delaware County Court of Common Pleas case 01CR-I-07-236, appellant was indicted on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), and one count of possession of cocaine, in violation of R.C. 2925.11(A). On November 8, 2001, by separate indictment in Delaware County Court of Common Pleas case 01CR-I-11-434, appellant was indicted, on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1) and one count of possession of cocaine, in violation of R.C. 2925.11(A). Appellant committed these subsequent offenses while on bond in the

initial case, 01CR-I-07-236.

Initially, appellant entered not guilty pleas to all counts. However, on April 25, 2002, appellant entered guilty pleas to one count of trafficking in cocaine and one count of possession of cocaine in case number 01CR-I-07-236. In exchange, the State dismissed one count of trafficking in cocaine. In addition, appellant entered guilty pleas to all three counts of the indictment in case number 01CR-I-0-11-434.

On June 19, 2002, appellant was sentenced in both cases. In case number 01CR-I-07-236, appellant was sentenced to serve two years of imprisonment on the count of trafficking in cocaine and three years of imprisonment on the count of possession of cocaine. The court ordered that these sentences be served consecutively. In case number 01CR-I-11-434 appellant was sentenced to 11 months of imprisonment on each of two counts of trafficking in cocaine which were ordered to be served concurrently. As to the count of possession of cocaine, appellant was ordered to serve four years of imprisonment, to be served consecutively with the sentences imposed for the counts of trafficking in cocaine. In addition, the trial court ordered that the sentences in case number 01CR-I-11-434 be served consecutively to the sentences imposed in case number 01CR-I-07-236, for a cumulative total of nine years and 11 months in imprison.

On December 16, 2002, [sic][1] appellant, filed a motion to set aside and vacate his sentence, pursuant to R.C. 2953.21 (postconviction relief), or in the alternative, to withdraw his guilty pleas, pursuant to Crim. R. 32.1. Appellant's motion was based upon an assertion that appellant's pleas were not voluntarily or knowingly entered and resulted from ineffective assistance of counsel in that counsel informed appellant that he would receive a substantially lesser sentence than six or seven years in prison if appellant pled guilty. Appellant claimed that counsel's assertion regarding the sentence induced the plea.

Attached to the motion was the sworn affidavit of appellant's prior counsel. According to the affidavit, while representing

---

[1] The record indicates that petitioner actually filed his post conviction petition on December 19, 2002. *See Exhibit J to Return of Writ.*

> appellant, the prosecution made a plea offer of six or seven years of imprisonment and counsel told appellant "not to accept it because [counsel] could get [appellant] substantially less time" in prison than offered by the prosecution in the deal. The affidavit went on to say that prior counsel told appellant "to enter the plea because [appellant] would receive substantially less time than was offered by the prosecution." Also attached to the motion was an affidavit by appellant. In the affidavit, appellant stated that his prior counsel told him that the prosecution had made a plea offer of six or seven years, that counsel told appellant not to accept the offer and that counsel could get appellant substantially less time and that counsel told appellant he would receive a sentence which was substantially less than was offered by the State.
>
> Hearings on appellant's motion were held on March 30, 2004, April 2, 2004, May 10, 2004, and May 28, 2004. Appellant's prior counsel was subpoenaed to testify at the hearings. Initially, appellant's prior counsel denied signing the affidavit presented by appellant. Appellant's prior counsel recalled signing an affidavit, but he did not believe that the affidavit presented was the affidavit he signed. Counsel asserted that he would never sign anything like that affidavit because he would never guarantee a client that he could get the client less time. Transcript of Proceedings, April 2, 2004, pg. 18. Ultimately, prior counsel acknowledged that he had signed the affidavit in question.

*State v. Jackson*, 2005 WL 2387895 (Ohio App. 5 Dist. September 23, 2005). On November 1, 2004, the trial court denied petitioner's post conviction petition. *See id.* Petitioner filed a timely appeal. He asserted as follows:

> MR. JACKSON WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS COUNSEL INDUCED HIM TO WAIVE HIS RIGHT TO A JURY TRIAL AND PLEAD GUILTY BASED UPON THE FALSE ASSURANCE THAT, IF HE DID SO, MR. JACKSON WOULD RECEIVE A SENTENCE WHICH WAS SUBSTANTIALLY LESS THAN SIX OR SEVEN YEARS.

3

*Id.* On September 23, 2005, the appellate court affirmed the trial court's decision. *See id.* Petitioner filed a timely appeal. *See Exhibit P to Return of Writ.* On February 22, 2006, the Ohio Supreme Court dismissed the appeal. *State v. Jackson*, 108 Ohio St.3d 1474 (Ohio 2006); *Exhibit R to Return of Writ.*

On February 21, 2007, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent based upon the following ground:

> Petitioner's conviction is in violation of the 6th and 14th Amendments (U.S. Constitution) in that his pleas involuntary [sic] and counsel proved ineffective in inducing the pleas.
>
> Counsel promised that petitioner would receive substantially less than 6 or 7 years if petitioner entered the guilty plea.

It is the position of the respondent that this action is barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on July 20, 2002 - *i.e.*, thirty days after he the June 20, 2002, judgment entry of sentence -when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6 Cir.2001); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6 Cir. 2002); Ohio App.R. 4(A). The statute of limitations ran for 152 days, until December 19, 2002, when petitioner filed his post conviction petition with the state trial court, which tolled the running of the statute of limitations under 28 U.S.C. §2244(d)(2). The running of the statute of limitations resumed on February 22, 2006, when the Ohio Supreme Court dismissed petitioner's post conviction appeal. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1083 (2007)(the statute of limitations is tolled only while state courts review a collateral application). The statute of limitations expired 213 days later, on September 23, 2006. Petitioner waited approximately five months, until February 21, 2007, to file the instant habeas corpus

petition. Thus, this action is untimely.

Petitioner nonetheless asserts that equitable tolling of the statute of limitations is appropriate. He contends that this Court should toll the statute of limitations the 152 days between the date he was sentenced and the date he filed his post conviction petition in the state trial court because it took that long to obtain the required affidavit from defense counsel for filing his post conviction petition. *See Traverse*.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be only sparingly used. *Cook v. Stegall,* 295 F.3d 517, 521 (6 Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt,* 337 F.3d 638, 642-43 (2003).  In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.,* at 643, citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001); *see also King v. Bell,* 378 F.3d 550, 552 (6 Cir. 2004), quoting *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).

Consideration of the foregoing factors fails to justify equitable tolling of the statute of limitations in this case.  Nothing in the record demonstrates that petitioner lacked notice or constructive knowledge of the one-year filing requirement for habeas corpus petitions, nor would it have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases for the time period at issue.  Additionally, lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991); *Winkfield v. Bagley,* 66 Fed .Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an

> ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218.  Further, despite petitioner's contention to the contrary, the record fails to reflect he exercised due diligence in pursuing his rights. Regardless of any difficulty petitioner experienced in obtaining defense counsel's affidavit to support the filing of his post conviction petition in the state trial court, petitioner fails to explain his subsequent five month delay in filing this habeas corpus petition.  Finally, the respondent will suffer some prejudice, if only in terms of time and expense, should this Court equitably toll the statute of limitations.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations imposed under 28 U.S.C. § 2244(d).

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

8

herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


December 10, 2007                                                                    *s/Norah McCann King*
                                                                                     Norah McCann King
                                                                                     United States Magistrate Judge